UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MELIDA MORETA BASTIDAS and
FERNANDO FONSECA AGUIRRE,
*individually and on behalf of others
similarly situated,*

                    *Plaintiff*,

vs.

PREMIER BAKERIES, INC., *a New Jersey corporation*,

                    *Defendant.*

-------------------------------------------------------X

CASE NO:

## COMPLAINT

MELIDA MORETA BASTIDAS and FERNANDO FONSECA AGUIRRE ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Law Offices of Nolan Klein, P.A., hereby sue PREMIER BAKERIES, INC., ("Defendant") and allege:

### NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiffs further seek certification of this action as a collective action on behalf of Plaintiffs individually, and on behalf of all other similarly situated employees and former employees of the Defendant pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District; specifically, a substantial part of Plaintiffs work took place in this District.

## PARTIES

5. Plaintiffs are over the age of 18 years, *sui juris*, and are residents of this State.

6. Defendant is a corporation organized and existing under the laws of the State of New Jersey.

7. Defendant is an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

8. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

9. Defendant operates a bakery located at 725 River Road, Edgewater, New Jersey, doing business as Premier Bakeries.

10. Upon on information and belief, the Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

11. Upon information and belief, Defendant and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

12. At all relevant times, Plaintiffs were and are former employees of the Defendant within the meaning of the FLSA and NYLL.

13. Plaintiff Melida Moreta Bastidas ("Plaintiff Moreta" or "Mrs. Moreta") worked for the Defendant for approximately five (5) years from 2018 through May 10, 2023.

14. Plaintiff Fernando Fonseca Aguirre ("Plaintiff Fonseca" or "Mr. Fonseca") worked for Defendant for approximately one (1) year and six (6) months from January 2021 through July 1, 2022.

15. Plaintiffs would report for work each day to a parking lot located at 535 Morgan Ave., Brooklyn, New York, to pick up Premier Bakeries' products to be delivered by Plaintiffs within New York, using their personal vehicles.

16. Plaintiff Moreta was therefore employed to work as a delivery driver, and her job duties included picking up bakery products and deliver of those products to multiple stores located throughout Brooklyn, Queens, and Long Island City, New York.

17. Plaintiff Fonseca was therefore also employed as a delivery driver, and his job duties included picking up bakery products and deliver of those products to multiple stores located throughout Brooklyn and Queens, New York.

18. Plaintiffs regularly handled goods in interstate commerce, including bakery goods that traveled from New Jersey daily for distribution by Plaintiffs in New York.

19. Plaintiffs work duties required neither discretion nor independent judgment.

20. Plaintiffs worked for the Defendant from Monday through Sunday from 5:00 a.m. until approximately 12:00 p.m. Accordingly, Plaintiffs worked approximately 49 hours per week.

21.     Plaintiff Moreta was paid a standard rate of $500 per week ($10.20 per hour) for the first 4 months of her employment (in 2018). She was then raised to $625 per week ($12.75 per hour) for the following four years (from 2018 until 2022) and was then raised to $675 per week ($13.77 per hour) in 2023.

22.     Plaintiff Fonseca was paid a standard rate of $625 per week ($12.75 per hour) without any raises during the whole term of his employment.

23.     Throughout their employment with Defendant, Plaintiffs were paid in cash with no pay stubs provided.

24.     Defendant failed to pay Plaintiffs any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

25.     Defendant failed to reimburse Plaintiffs for any expenses related to automobile fuel or maintenance, further reducing their already-below-minimum compensation.

26.     Defendant failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

27.     Defendant failed to provide Plaintiffs, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

28. Upon information and belief, Defendant's conduct extended beyond Plaintiffs to all other similarly situated employees, including non-exempt employees working in other departments of the Defendant business.

29. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

30. As part of their regular business practice, Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Plaintiffs, similarly situated individuals, and members of the proposed Class by misclassifying them as independent contractors when Plaintiffs were, in fact, employees.

## RULE 23 CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this action on their own behalf and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and all individuals employed by Defendant as delivery drivers anywhere in the United States at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

32. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendant who is exempt from coverage under the NYLL and FLSA, and not subject to protection of those laws.

33. The members of the class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

34. Plaintiffs' claims are typical of those of the Class. Plaintiffs, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained by Plaintiffs herein.

35. Plaintiffs will adequately protect the interest of all members of the Class and have retained competent legal counsel experienced in class action litigation as well as FLSA and NYLL litigation. Plaintiffs have no interest that are contrary to the interests of the Class.

36. A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former Employee of Defendant, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, for members of the Class, and for courts of this District.

37. Common questions of law and fact prevail with respect all members of the Class predominate over questions applicable solely to individual Class members. Among such common question of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiffs herein, such that all members of the Class are owed minimum, as well as damages for failure to provide required wage and other notices.

38. Plaintiffs know of no special or unique difficulty that would be encountered in the management of litigation that might preclude its maintenance as a class action.

39. The names and addresses of Class members are readily discernable from the Defendant business records. Notice of this case to each member of the Class, along with notice to

each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendant place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

40. Plaintiffs bring their FLSA minimum wage, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendant or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

41. At all relevant times, Plaintiffs, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendant common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage.

42. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

43. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

44. At all times relevant to this action, Defendant was Plaintiffs' employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

45. Defendant had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

46. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

47. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

48. Defendant failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

49. Defendant failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Violation of the New York Minimum Wage Act)**

51. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

52. Defendant paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

53. Defendant failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

54. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

55. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

56. Plaintiffs' delivery of baked goods was at all times effectuated using personal vehicles that were less than 10,000 lbs. in gross weight.

57. Defendant failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

58. Defendant failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

59. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION.
### (Violation of the Overtime Provisions of the New York Labor Law)

60. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

61. Defendant failed to pay Plaintiffs overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

62. Defendant failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

63. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the notice and recordkeeping requirements of the New York Labor Law)

64. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

65. Defendant failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

66. Defendant is liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Violation of the wage statement provisions of the New York Labor Law)

67. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

68. Defendant never provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

69. Defendant is liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendant violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendant violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendant violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g) Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h) Declaring that Defendant violated the Spread of Hours Wage Order of the New York Commission of Labor;

i) Declaring that Defendant violations of the New York Labor Law and Spread of Hours Wage Order were willful;

j) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

11

k) Awarding Plaintiffs damages for Defendant violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

October 17, 2023

Respectfully Submitted,
**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:   (954) 745-0588

By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

12

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

**MELIDA MORETA BASTIDAS** y **FERNANDO FONSECA AGUIRRE**, somos empleados o ex empleados de **PREMIER BAKERIES, INC.**, y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda nos han sido explicadas en español y todas son verdaderas y correctas a nuestro entender, información y creencia. Hemos consentido para ser demandantes en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 10/12/2023, 2023.

_____
**MELIDA MORETA BASTIDAS**

_____
**FERNANDO FONSECA AGUIRRE**

13